# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00577-CV

---

### In re Sharon F. Blythe

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

### M E M O R A N D U M   O P I N I O N

The petition for writ of mandamus is denied. Relator contends that the Court should order the City to delete the phrase "at an election for which the City must pay" from the ballot language at issue. Relying on this Court's recent decision in *In re Linder*, No. 03-19-00553-CV, 2019 WL 3978582, at *2 (Tex. App.—Austin Aug. 22, 2019, orig. proceeding), relator argues that this phrase misrepresents chief features of the proposed ordinance because it implies that the City will necessarily incur additional election costs to comply with the voter-approval provisions. *See Dacus v. Parker*, 466 S.W. 3d 820, 826 (Tex. 2015). However, the proposed ordinance here lacks the language in the *Linder* ordinance that requires voter approval only "at the next *required* uniform election date." (Emphasis added.) The omission of this limitation means that the language in the ordinance here is ambiguous and could potentially be read to require voter approval at the next uniform election date, whether or not the City was already planning an election on that date.[1] *See* Tex. Elec. Code § 41.001(a) (allowing municipalities to

---

[1] The City elections for City Council are held the first Tuesday in November of every even-numbered year. *See* Austin, Tex., Charter Art. III, § 2. However, the City may have elections in May and November of odd- and even-numbered years. *See* Tex. Elec. Code § 41.001(a) (defining uniform election dates).

hold elections in May and November of odd- and even-numbered years). For this reason, the inclusion of the phrase "at an election for which the city must pay" in the ballot language at issue here is not misleading because this proposed ordinance is drafted differently from the one at issue in *Linder*. *See In re Linder*, 2019 WL 3978582, at *2.

We also disagree with the relator's other arguments against the ballot language. Accordingly, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Kelly

Filed: August 28, 2019

2